for the court is EASTCOTT v. HASSELBLAD USA, case number 13-10-5-0 this is an appeal from the United States District Court for the Southern District of New York Mr. Wyatt, I understand you want to reserve five minutes for a rebuttal, is that correct? I'm sorry your honor I understand you want to reserve five minutes for a rebuttal Yes please your honor, and I thank you for allowing me to bring my oxygen tank Of course Thank you so much for that There are two parts to this case, one is a sanctions order and the second is an order for summary judgment In the sanctions order, the court awarded sanctions for Mr. Eastcott's filing what he called a fraudulent fee bill, for his expert fees Let me ask you this counsel, Ms. Mamiatuk, Mr. Eastcott's wife, the bill reflected five hours of travel time, is that not correct? Yes But in fact, her deposition was taken at home, was it not? That's true your honor Then where's the travel time? Because the deposition was set for New York City, they traveled to New York City to prepare for it with us, we got a call the day before saying he'd like to do it by phone, which we accommodated him on But they came in from upstate New York, previously they I think, just to clarify the record, isn't it true that she actually did appear in New York, but they offered to do it by phone? No, no, she appeared in New York, and when it was all set, they were on their way to New York, we got a phone call saying, from the plaintiff, I'm sorry, from the defendant, saying that they wanted to do it by phone And we agreed with it to save them the trip from Chicago, but they were already on their way to New York, and we were preparing them in New York So they attended by phone? I'm sorry? The other side attended by phone I'm not hearing you your honor The other side attended by phone The other side asked to have it by phone, and we agreed at the last minute But they had noticed the deposition But where was she when the phone call took place? Now, there's two Douglas Wyatt's here I'm Douglas W. Wyatt, and my son is Douglas C. Wyatt, he was the one involved here What I know about it, your honor, he is not here, he has medical problems So let's move on, with respect to the issue of sanctions, you're not disputing that a trial court judge, like Judge Rakoff, would have the inherent authority to sanction someone if he felt that there was improper conduct? No, he certainly has inherent authority to do so, your honor, absolutely, no question So, what is your primary objection? My primary objection is that under the second circuit law, there has to be, let me get the correct language for you There has to be culpable grounds, if Mr. Eastcott has culpable grounds for calling himself an expert, that's all he needs That there can't be a charge of fraud if he has culpable grounds I don't read the trial court's sanctions to be premised on whether he was an expert or not, in terms of whether he could have served as an expert What I read, his sanctions are premised more on the fact that when a client acts as his own expert, he's not entitled to the fees that are otherwise authorized by the statute There's no case law to support that, your honor, zero Okay, well say I disagree with you on that As I understand rule 26, rule 26 allows an expert who has been deposed to send in a bill for his services Before these depositions were taken, the defendants council knew that Mr. and Mrs. Eastcott were probably the leading experts in this field They knew that before, and then they went ahead and took their depositions Mr. Eastcott says she isn't an expert in her deposition Well, if you go through her deposition, your honor, she's asked expert questions and she gives expert answers No, she doesn't. She said, I can't give those, I'm not an expert No, well You kept pointing out that you thought she was giving expert questions, and it was her question to them, saying, are you asking me? Well, if you go through the whole deposition, you'll find that in fact she did answer expert questions, your honor What about the fact that you charged for five hours when her deposition was less than an hour? Well, we've stated in here that they use their normal process of billing for companies like National Geographic That's the way they do it on a half day or whole day basis So they bill at the same rates on the same basis that they had for other expert matters that they've handled They did it on the same basis Okay, for our standard of review, we review all of his factual findings for clear error And then we review his ultimate conclusion for an abuse of discretion, isn't that right? Yes, your honor All right, and he made very specific factual findings such that those dollar figures were not really appropriate approximations of their hourly rate, isn't that right? No, your honor, he refused to follow the local law, as I've set out in my brief, case laws, setting how you set the fee And then he went and compared it with a lawyer's fee, an accountant's fee, and he did not, the eight points in the case law So he has to compare it with a similar expert Okay, go ahead What kind of basis was there for asserting that Eastcott's fees as experts for testimony in this case were reasonably founded? There's a letter from National Geographic that's purely conclusory Well, there's also, there's two other, first thing is, we did not know we were going to be, we went in with a three page motion for sanctions Nowhere did the motion ask for rule 37 sanctions Nowhere did it say the court was going to invest its inherent power We were not prepared for that, the only thing we had with us were three pieces of paper, but two of them set out what he had been paid He was paid $45,000 for two day, one job for National Geographic That's in the record, but that's all we had that day We were not prepared to handle a motion for sanctions under the court's inherent powers Okay, can I ask, what difference would it have made if you knew that in addition to one authority, namely rule 37, that the judge was considering other authority for the same wrong? Well, not that I know of, your honor, rule 11 doesn't apply, and rule 37, so the only thing left is inherent powers And the defendant's motion said rule 37, it was never, it was a two page motion Right, but my question is, in what way, say, would rule 37 make, be more limited in what you had to be prepared for in a way that made a difference Well, rule 37 just related to discovery issues, as to whether or not you comply with discovery issues It didn't relate to these inherent powers to sanction for fraud What different evidence would you have provided to demonstrate the normal billing rates of your clients? Well, we would have gone back and put together some evidence to show what he had done over the years, what he had been paid Wouldn't that have been relevant to a rule 37b sanctions motion? Not that I know of, your honor, but the court didn't do it, and it could be relevant, but it was not an issue in the case The court did not look at that issue All right, did you, rule 26 requires that in any expert report, you identify the compensation that the party is paying to the expert for the expert testimony Did the expert report identify compensation that was being paid for the expert testimony that was being elicited? Well, that's if you needed an expert report, here, your honor, there was no need for an expert report They would, under rule 26, there's a provision in that rule Rule 26, unless manifest injustice would result, the court may require that the party seeking discovery pay the expert a reasonable fee for the time spent Isn't that a retained expert? Well, that's the issue, your honor, there was no retained expert here, but there's no requirement, the rule is, if you take, let's say you go down and take Tom Jones' deposition He's an expert in this very subject matter, this type of, and you take his testimony, his expert testimony on his subject, he can apply, as I understand it, under rule 26 for fees, and that's what happened here, your honor What about the fact that ultimately the trial judge also concluded that even if it's permissible to shift fees when no actual out-of-pocket expenses were incurred That in this particular instance, Mr. Eastcott was not able to serve as an expert, and in fact testified that he couldn't actually provide opinions about the very expert issues that were critical to this case Well, I think we laid that out cold in the brief, your honor, that Mr. Eastcott gave a 260 page deposition, the district court found 8, 7, 8 instances out of 260 pages where he said he couldn't give expert testimony I have analyzed every one of them in the brief to show you examples of how they were wrong, and a good example is one he asked about a German patent, and Mr. Eastcott says he could not answer the question as it actually related to that Well, I don't think anyone is debating the fact that he has expertise, he's the inventor, he's obviously one of more than ordinary skill in the art, but legally, there are ways that you present an expert and you present expert testimony to the court, and I think that's what Mr. Eastcott did And then that person, if you're holding them out as your expert witness, has to be prepared to respond to the questions on which you're holding them out for his expertise Well, your honor, there is no requirement that I know of for an expert to file an expert, in an opposition motion for summary judgment, to have previously filed an expert report The first thing, to file an expert report before you even have a motion for summary judgment is not realistic, secondly I don't care if it's realistic or not, if there are rules of civil procedure and court orders that require expert reports to be filed by a date certain, they have to be filed by a date certain But that means only if you're going to file an expert report, he didn't have to file an expert, what rule required Mr. Eastcott If you're going to hold him out as one who will proffer expert testimony, he must file an expert report under the federal rules of civil procedure, period Well, your honor It's not optional Okay, the view I take on it, that it's a reasonable view, that under rule 26, unless manifest justice would result, the court may require the payment of reasonable fees These reasonable fees, the defendant noticed the deposition of these two experts Here's what Judge Rykoff says, in his opinion, I'm looking at page 36 of the appendix In fact, Eastcott was not prepared to testify at all regarding how he formed the opinions of his supplemented expert report Rather, as his counsel stated in response to this court's later questions about why Eastcott did not answer questions about the expert report in his December 20th deposition Your honor, we understood that Mr. Eastcott was testifying that day as a fact witness Well, the original deposition notice was as a fact witness The second deposition notice was to give expert testimony, your honor There were two deposition notices And they were notified by the defense counsel that their deposition was going to be taken That's the same as if this was Mr. Jones, who's an expert on the same subject You take his deposition, he can file for a reasonable fee I submit, so could Mr. Eastcott May I have a drink of water, your honor? Yes, and you've used up your time You've also eaten up your rebuttal time, but because that was based on our questioning, to a large extent, we'll restore three minutes for rebuttal Well, I never got to the summary judgment question Well, some of it was wrapped up into the notion of his expertise, but we'll allow you to touch on that on rebuttal Okay, thank you, your honor Okay Okay Mr. Johnson Thank you, your honor In the police report, I'd like to touch on a couple of the items discussed already today The first item is the travel time for the telephone deposition I'm not aware of anything in the record that reflects the facts as they've been described to you I personally made the phone call to reschedule the deposition I can't say with utter certainty that it was not the day before, but I believe it was I do not believe it was at the eleventh hour after she had traveled to New York before we rescheduled the deposition Well, when you say it was the day before, I mean, it's conceivable that she had already gone to New York to prep No, your honor, I believe it was prior to the day before Oh, okay I also believe that Judge Rakoff's primary basis for the sanctions order I think that counsel is having trouble hearing you Can I speak up? Yes, please Thank you I also believe Judge Rakoff's primary basis for the sanctions order was not that he believed that Mr. Escott was not entitled to issue an invoice I believe that is what the judge thought, but he addressed that In fact, he compensated Mr. Escott for his testimony on damages He gave him $50 an hour for the five hours of damages testimony he gave that day despite the fact that he may or may not have been entitled to any compensation whatsoever Judge Rakoff's primary concern was that he determined at the finder of fact that Mr. Escott and his counsel deployed an illicit strategy to zero out defendants' legitimate expert invoices They started at $17 and worked backwards and decided, how are we going to get to $17? Well, first of all, we need a really high hourly rate But suppose all of that's correct Nevertheless, that would or would not be a basis for sanctions if all of the other bases about travel time and dollar rate and expertise Suppose Escott was right about all of that The fact that they undertook to zero it out using legitimate grounds wouldn't supply a basis for sanctions, would it? Assuming that the grounds were legitimate, which in this case they were Right, so the issue really is whether the things were legitimate rather than whether their motivation was to try to counterbalance a bill submitted to them That is true, Your Honor But I believe as part of the exercise of inherent powers, the court needs to show a finding of bad faith And this working backwards to try and zero the account is strong evidence of bad faith here It was the motivation for creating a fabricated or generating this fraudulent invoice with charges that had no basis in reality Let me ask you about the nature of the sanction here The court, there were three prongs to the sanction as I understand it First, he made him pay all the fees including travel expenses for your experts without doing any additional reasonableness inquiry as to those fees, right? I believe that's incorrect, Your Honor I don't believe that was part of the sanction Mr. Escott withdrew his objection to the reasonableness of Hassett-Lutz Expert Fees during this process So that was not a sanction at all, that was just an order pursuant to Rule 26b-4e Then he ordered him to pay the attorney's fees for bringing the motion That is correct But then he ordered a fine to be paid into the court Yes, he did And that is a punitive sanction, correct? Yes And isn't it true under Second Circuit law that that's not appropriate in the absence of due process protections? Yes, that is true And I think the key here is that And the jury trial Right, they have a right to the same kind of protections that you would get with any other kind of criminal sanctions that may have gotten me on the jury trial but certainly in the remainder of the due process issue Mr. Escott and his counsel The procedural protections appropriate to a criminal case Such protections include notice, the opportunity to be heard, the right to a public trial, the assistance of counsel the presumption of innocence, the privilege against self-incrimination, etc. I don't have a really good response to that, Your Honor It sounds as though you were correct And if we're correct, that means that we would have to wipe out that portion of the sanctions that were ordered into the court I understand that the argument was not raised by the other side but because of the constitutional concern, we obviously have some concerns about it I understand, Your Honor So you're leaving that poor judge twisting in the wind because you're not representing him To be honest, I was caught a little off guard by the argument and I don't have a good response for it Okay, so let's go back to the issue of whether or not an individual who acts as his own expert So we've got two prongs to this One is, did he really act as his own expert, which I think the trial judge concluded he didn't But assuming that he had, even in those cases, if there's an expertise and they want to call on him can an individual party who does not incur any out-of-pocket expenses recoup expenses under Rule 27? First of all, I would say that that issue need not be decided in this case So Judge Rakoff did decide it? Judge Rakoff did appear to decide that And Haskell Lab would agree with that decision The federal rules have a series of protections in place for opinion testimony And those involve Rule 702, if it's opinion testimony It must then be part of an expert report or summary under 26B2B or B2C, depending on the nature of the witness Rule 26B4E references Rule 26A2 as the basis for a witness who is disclosed So if you weren't disclosed under Rule 26A2, you cannot then charge for your later deposition Right, so he was not originally disclosed as an expert But what about the fact that later, at least, the court accepted a supplemental expert report? Does that somehow endorse him as an expert? Does that cure the nondisclosure? I don't believe the court did accept any expert report from Mr. Escott on the issues of infringement or validity He struck all testimony Well, he ultimately struck it, but he says in his order that he allowed him to file a supplement Before he then struck them, once he reviewed them I'm not aware of it. Can you direct me to the part of the order where the judge said that? Because there are two issues That's supposed to be my job, is to tell you that they're wrong Mr. Escott did file a supplemental expert report on damages that the court allowed him to file Right, that's what I'm talking about Okay, so if we're talking about damages, now that's a different issue than infringement and validity Okay And the court did accept his testimony. The court was never forced to Well, he never had to accept or reject it, right? Right, he never was forced to address the issue of whether Mr. Escott was competent to offer that testimony He took it under advisement, and the parties agreed that he would take it up if Mr. Escott survived summary judgment Judge Redkoff's complaint seemed to be that Mr. Escott asserted that he was qualified to testify as an expert on patent infringement Yes, without question, that was the issue Particularly after in his deposition, he was given an opportunity to provide his party infringement contentions By the time of his deposition, which was about three weeks before the close of discovery He had not submitted any Rule 26A2 reports He had not identified any witnesses other than himself and his wife as having any knowledge of facts relating to infringement and validity whatsoever And his infringement contentions were nothing more than a single arrow pointing to Hasselblad's entire device As somehow corresponding to each individual element of Claim 26 So as we deposed Mr. Escott, we sought to determine how and why he believed, as the party in this case, Hasselblad's product infringed his patent What was the deadline for filing of expert reports? I assume it was prior to the deposition  And when was the deposition? December 20th So you're saying that there was no expert report filed before the deposition? There was no expert report filed before the Rule 56 affidavit, at least on infringement and validity Mr. Escott did recognize his obligations under Rule 26A2 because on November 11th, a later agreed date, he served a Rule 26A2 disclosure on damages And in that disclosure, did he have anything relating to what he was going to be paid or what his compensation would be? None whatsoever. It would have been under Rule 26B2C Okay, but there was no reference in the report to compensation as the rules require No, there was not So, in addition to the... You don't dispute that he at least has expertise in the field I do not dispute that he has expertise in the field of photography I would dispute that he is qualified to offer expert opinions on infringement in this case Okay Based nothing more than his prior deposition testimony Because of the things he could not respond to in the deposition testimony Yes, he said he was not capable of comparing his claims to a device That pretty much closes the book So that brings us to the summary judgment issue Because Mr. Escott acknowledged that he had no literal infringement case And the court correctly determined that he was unable to present sufficient facts to prove infringement under the Doctrine of Equivalence Certainly, the parties dispute the import and admissibility of his Rule 56 affidavits But there is no dispute that there is no other testimony in the case presented by Escott to show infringement under the Doctrine of Equivalence Even if you accepted those Rule 56 affidavits I see nothing that would present a limitation by limitation analysis of equivalency We agree, Your Honor In fact, as we noted in our brief, they're internally inconsistent as well To the extent that he's obligated to provide the corresponding structure for the mounting ring In one statement he says it's the thing that holds the lens Which on page 53 of my brief I color-coded yellow In another statement he says it was the ring which he color-coded light blue Likewise, when he identified the casing of his affidavits He described on one hand to be the thing with the pins Which is color-coded green It's a completely different structure And on another hand, the thing with the slots which we colored blue And aside from all those inconsistencies In no way does he perform a function-weighted result analysis Or describe in any way, shape, or form the insubstantiality of the differences Anything else? No Thank you All right, Mr. Whyte, three minutes for rebuttal Your Honor, I just wanted to submit that our basic position is that An expert witness, a person with expertise in the subject matter of the litigation Who is noticed for a deposition Let's say Tom Jones in this case who is knowledgeable about this subject matter He would be able to apply for reasonable attorney fees under Rule 26 And I submit to you, Your Honor, that Mr. Escott is in that same position That he was able to do that That he had a callable basis for doing it And he had a callable basis for the amount of money that he charged Based upon his prior dealings with National Geographic and others As to our... The summary judgment The court found that Mr. Escott's affidavit Even if it was acceptable Was improper because of several, three different points Which I pointed out in my brief That the... He, in fact, was an expert on the... Let me get my point on my brief, I apologize Can I ask you, what about the point that was raised a few moments ago About the apparent absence in the summary judgment declaration Of the kind of limitation by limitation analysis that our equivalence doctrine requires They are in there in spades, Your Honor They're in there from A through Z Where? In... Well, it's laid out in my brief I'll give you some of the pages in the brief, Your Honor You can find them Starting on page 48 of the brief Paragraph 65 of Escott's affidavit Well, let me say it starts before that Number 68 on page... Paragraph 68 copied on page 48 of our brief The actual Hasselberg camera with a primary lens And the HDS 1.0 adapter are best evidence And not an incomplete drawing The drawings for the camera lubrication are not parts or functional description That's only part of what I want Is this really the material of 51 to 53 of your brief that has all these numbered paragraphs? Yes, that's exactly what it is, Your Honor It has the numbered paragraphs What I'm looking at is page 51 to 53 Page 51 of my brief? Yes, the blue one, not the gray one Right 51 Yes, Your Honor That's where they're laid out in detail The details from A through Z of what's going on here I'm sorry to be so absent-minded Is that what you needed? Yes And you want to wrap up? We've been using up your time Is there something else you want to say on the summary judgment issue? Well, no, but yes Basically, if the court found... Even if it accepted Mr. Eastcott's affidavit, it was inadequate And as Your Honor just pointed out, that section It lays out in detail all of the reasons why there are material issues for fact for trial And for the sanctions, Your Honor They certainly... Mr. Eastcott had culpable grounds to call himself an expert And to submit the amount of bills as he did from his prior history And particularly in view of how this came about after a prepaid motion And the plaintiff was not prepared to answer an inherent powers motion by the court Thank you, Your Honor Thank you All right, the cases will be submitted